UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JACOB I. V.[1],<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 22-cv-05522-RMI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 15, 24 |

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision denying his application for disability insurance benefits under Titles II and XVI of the Social Security Act. *See* Admin. Rec. at 1.[2] The Appeals Council of the Social Security Administration ("SSA") declined to review the ALJ's decision. *Id.* As such, the ALJ's decision is a "final decision" of the Commissioner of Social Security, appropriately reviewable by this court. *See* 42 U.S.C. §405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Dkts. 8, 10). Plaintiff has moved for summary judgment (dkt. 15) and Defendant has moved for remand for further proceedings (dkt. 24). For the reasons stated below, Plaintiff's Motion for Summary Judgment is granted in part and denied in part, and Defendant's Motion for Remand is granted.

## BACKGROUND

In February of 2012, Plaintiff suffered injuries to his back, knee, and shoulder in a vehicle

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in 14 attachments to Docket Entry #14. *See* (Dkts. 14-1 through 14-14).

accident at work. AR at 74, 344, 363-64, 379. Plaintiff, who was a truck driver at the time, crashed into a hill after a brake failure and his truck flipped upside down, resulting in Plaintiff's injuries. *Id.* at 379. Since then, Plaintiff has experienced chronic pain in his back, hip, knee, and shoulder, which has limited his ability to work, enjoy his hobbies, take care of his children, and participate in daily life. *Id.* at 80-83; 86-90. Plaintiff's chronic pain has led to symptoms of anxiety and depression. *See e.g.*, *id.* at 328-35, 368-69, 475, 483, 493, 537. In 2018, Plaintiff presented at the emergency room with shortness of breath and was found to be having a panic attack. *Id.* at 493. Plaintiff reported to his physician that he had similar panic attacks one to two times a year. *Id.* at 537.

In 2013 Plaintiff had surgery on his right knee and underwent several periods of physical therapy, though his ability to complete physical therapy was limited by his back pain. *See id.* at 328-35, 347, 351-54, 363-64, 368-69. To treat his back pain, Plaintiff had a "lumbar radiofrequency ablation procedure" in 2013, though the procedure was "without benefit." *See id.* at 368. Over the past ten years, Plaintiff has taken various medications to manage his pain, depression, and anxiety. *See e.g.*, *id.* at 336, 367, 421, 424, 480, 538. These include methadone, trazodone, and over-the-counter medications like Tylenol and Motrin. *Id.* Plaintiff uses a cane to ambulate, has difficulty sitting and standing for sustained periods, and has limited range of motion in his shoulder. *See e.g.*, *id.* at 84, 481, 484, 505. Plaintiff's record indicates that he continues to suffer from chronic pain, anxiety, and depression, though there appear to be gaps in his treatment of these impairments. *See id.* at 583-85 (summarizing Plaintiff's medical records for the period from 2015-21 and noting gaps in the record from September 2015 to August 2017, January 2018 to March 2019, and May 2019 to October 2021). Plaintiff alleges that these gaps are due to a lack of insurance coverage, rather than decreased pain or symptoms. *Id.* at 582.

## LEGAL STANDARDS

The Social Security Act limits judicial review of the Commissioner's decisions to final decisions made after a hearing. 42 U.S.C. § 405(g). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* A district court has limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if

it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

In assessing a claim for benefits, an ALJ must undergo a five-step sequential evaluation process, considering all the evidence in the claimant's case record, to determine whether the claimant is disabled. *See generally* 20 C.F.R. § 404.1520.[3] Each step of the analysis is dependent upon the last. *Id.* at § 404.1520(4). In the instant case, the Commissioner concedes that the ALJ's decision is not based on substantial evidence because the ALJ erred at step three, in the

---

[3] First, the ALJ must determine whether the claimant has engaged in "substantial gainful activity" during the relevant period. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* At step two, the ALJ decides whether the claimant's impairment (or combination of impairments) is "severe," or significantly limits the claimant's "physical or mental ability to do basic work activities." *Id.* at §§ 404.1540(a)(4)(ii), 404.1522(a). If no severe impairment is found, the claimant is not disabled. *Id.* at § 404.1520(c). Step three requires the ALJ to consider whether the claimant has an impairment or combination of impairments that meet or equal an impairment in the "Listing of Impairments." *See id.* at § 404.1520(a)(4)(iii), Pt. 404 Subpt. P, App. 1. If so, the claimant is conclusively presumed to be disabled. *See id.* at § 404.1520(d). If a claimant does not meet or equal a listing, then the ALJ must formulate the claimant's residual function capacity ("RFC"), which is defined as the most a person can still do despite the limitations associated with their impairment. *See id.* at § 404.1545(a)(1). Following the formulation of the RFC, the ALJ must determine—at step four—whether the claimant can perform his past relevant work. *Id.* at § 404.1520(4)(iv). If the ALJ determines that the claimant can perform his past relevant work, then the claimant is not disabled. *Id.* at § 404.1520(f). Otherwise, at step five, the ALJ must show that the claimant can make an adjustment to other work, in order to make a finding of non-disability. *See id.* at §404.1520(g)(1). If the claimant's RFC prevents him or her from being able to make an adjustment to other work, the claimant is disabled. *Id.*

formulation of Plaintiff's functional residual capacity ("RFC"). Def. Mot. (Dkt. 22) at 2-3.  As the Commissioner notes, the ALJ found that Plaintiff "would need the ability to alternate between sitting or standing as needed so long as not off task or need to leave the workstation." AR at 589-90; *see also* Def.'s Mot. (Dkt. 24) at 3. However, the ALJ failed to explain the basis for this limitation, and it is not consistent with the limitations articulated by the medical sources in the record. *Id.* This constitutes legal error. ALJs are required to "include a narrative discussion describing how the evidence supports each conclusion [in the RFC], citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96-8, *available at* 1996 WL 374184 at *7. Further, this error is not harmless, for "error in formulating Plaintiff's RFC renders all subsequent steps of the sequential evaluation flawed and unsupported by substantial evidence." Def.'s Mot. (Dkt. 24) at 3; *see also Stout v. Comm'r Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining that an error is harmless only if it is not prejudicial to the claimant or is otherwise inconsequential to the ALJ's ultimate non-disability determination). Because the court finds that the ALJ's step three error is grounds for remand, Plaintiff's argument that the ALJ erred at step five is moot. *See* 20 C.F.R. § 404.1520(4); *cf. Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."), *and Steven M. v. Saul*, No. 19-cv-06991-RMI, 2021 WL 1056787, at *5 (N.D. Cal Mar. 19, 2021) (collecting cases).

The only remaining issue is the nature of remand. Plaintiff requests that the court remand for the immediate calculation of benefits; the Commissioner requests a remand for further administrative proceedings. *See generally* (Dkts. 15, 22). When an ALJ "denies benefits and the court finds legal error," remand to the agency for further proceedings is generally the appropriate remedy. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017), as amended (Jan. 25, 2018) (citing *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Although the court has discretion to grant a "direct award of benefits when certain conditions are met" an "automatic award of benefits … is a rare and prophylactic exception to the well-established ordinary remand rule." *Id.* To find that a direct award of benefits is warranted, the court must

engage in a three-part analysis known as the "credit-as-true" rule. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). The first step of the credit-as-true analysis is to determine "whether the ALJ failed to provide legally sufficient reasons for rejecting evidence." *Id.* Next, the court considers "whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful." *Id.* (citing *Treichler*, 775 F.3d at 1101, and *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)) (internal quotations omitted). If there are no outstanding issues and further proceedings would be futile, the court credits the improperly rejected evidence as true and decides, considering the whole record, whether there is any "doubt as to disability." *Id.*; *see also Garrison*, 759 F. 3d at 1021-23 (9th Cir. 2014).

Here, the Commissioner concedes that the ALJ erred in the formulation of Plaintiff's RFC. Thus, the first condition of the credit-as-true test is satisfied. As to the second and third conditions of the credit-as-true test, further proceedings are required to reevaluate Plaintiff's RFC. There remains ambiguity in the record concerning Plaintiff's tolerance of standing and sitting, and the appropriate limitation to accommodate Plaintiffs knee, back, and shoulder conditions. *See* AR at 77-78, 84, 119, 134, 481, 507, 581 (medical and lay opinions regarding how long Plaintiff can sit, stand, and walk in an eight-hour workday with estimates ranging from 10-15 minutes to two, four, and six hours, as well as differing opinions as to whether Plaintiff requires the use of a cane). Additionally, evidence in the record casts some doubt as to the extent of Plaintiff's disability. *See e.g.*, AR at 390 (physician's report stating that Plaintiff "presents himself as much more disabled, but based on a purely musculoskeletal basis, I believe he is capable of light to medium work."); AR at 583-85 (summary of Plaintiff's medical history, noting significant gaps in treatment lasting, in one instance, nearly two years). Thus, the second and third conditions of the credit-as-true test are not satisfied. Accordingly, the court REMANDS for further administrative proceedings. On remand, the ALJ is ordered to reevaluate Plaintiff's RFC and accompany each limitation with a narrative discussion describing its support in the record. The ALJ is further ORDERED to consider the issues raised in Plaintiff's briefing as to the VE testimony and to address them as necessary on remand.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part and Defendant's Motion for Remand is GRANTED. Accordingly, the court REMANDS for further proceedings consistent with this order. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: March 12, 2024

ROBERT M. ILLMAN
United States Magistrate Judge