United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JACOB I. VELAZQUEZ,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No.  22-cv-05522-RMI

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Re: Dkt. No. 33

After Plaintiff brought this action for review of the Commissioner of Social Security's decision to deny benefits, the court remanded the case for further proceedings. His attorney, John D. Metsker, now seeks $25,157.01 in attorney fees and $1,322.39 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 33.) The Commissioner opposes the request and asks for the requested attorney's fees to be significantly reduced. (Dkt. 37.) Plaintiff replied. (Dkt. 38.) For the following reasons, the court GRANTS IN PART and DENIES IN PART the motion for attorney's fees.

**FACTUAL AND PROCEDURAL HISTORY**

On March 12, 2024, this court issued an opinion and judgment granting in part and denying in part Plaintiff's motion for summary judgment and granting Defendant's motion to remand Plaintiff's case to the ALJ for further proceedings. (Order, Dkt. 26.) In that order, the court agreed with the Commissioner and found that the ALJ had erred at step three in the formulation of Plaintiff's functional residual capacity ("RFC"). (*Id.* at 3–4.) Because the court remanded on the basis of the errors committed at step three, it did not address Plaintiff's

arguments with respect to error at step five. (*Id.* at 4.) The court ordered the ALJ on remand to "reevaluate Plaintiff's RFC and accompany each limitation with a narrative discussion describing its support in the record," and to "consider the issues raised in Plaintiff's briefing as to the VE testimony and to address them as necessary on remand." (*Id.* at 5.) The court denied Plaintiff's request to remand for the immediate calculation of benefits rather than for further administrative proceedings. (*Id.*)

Plaintiff then appealed to the Ninth Circuit. (Notice of Appeal, Dkt. 28.) In that appeal, Plaintiff contended that this court had erred "by failing to address his challenge to the [ALJ's] step-five findings and instead remanding the case on the Commissioner's assertion that the ALJ erred in assessing his [RFC]." *Velazquez v. Bisignano*, No. 24-3034, 2025 WL 2437493, at *1 (9th Cir. Aug. 25, 2025) (unpublished). Plaintiff further argued that he deserved an immediate award of benefits because the ALJ had erred twice in its step five findings. *Id.* In August 2025, the Ninth Circuit issued an opinion finding that this court had not abused its discretion in remanding Plaintiff's case back to the ALJ for further proceedings and, consistent with this court's order, required that the ALJ on remand "consider [Plaintiff's] objection to the vocational expert's job numbers methodology." *Id.* at *2.

On December 12, 2025, Plaintiff applied to the court for an award of attorney's fees under the EAJA in the amount of $22,262.26, and an award of EAJA costs in the amount of $1,322.39, for the work performed before both this court and the Court of Appeals. (Mot. Attn'y Fees, Dkt. 33 at 5.)[1]

## LEGAL STANDARD

The purpose of the EAJA statute is to "eliminate financial disincentives for those who would defend against unjustified government action and thereby to deter the unreasonable exercise of government authority." *Guitierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir. 2001) (internal citations omitted). To prevail in a motion for EAJA fees, the plaintiff must be a prevailing party and the government's position must be without substantial justification. *Hensley v. Eckerhart*, 461

---

[1] Plaintiff seeks an additional $2,894.75 in fees for time spent drafting the reply, for a total of $25,157.01 in fees. (Dkt. 38 at 10.)

United States District Court
Northern District of California

U.S. 424, 433 (1983). Under the EAJA, "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). If the movant shows that they were the prevailing party, the burden is on the government to show that fees should not be awarded for one of the enumerated reasons above. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019).

## DISCUSSION

Plaintiff asks this court to grant an EAJA fee award of $25,157.01 for 95.1 hours billed from 2022 to 2026. (Dkt. 33-1 at 3; dkt. 38 at 10.) This fee award can be divided into three substantive portions: (1) $7,454.06 for work performed prior to the unsuccessful appeal to the Ninth Circuit, (2) $14,808.19 for the work on the appeal, and (3) $2,894.75 for work performed on the Reply during the motion practice on attorney's fees.[2]

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. § 405(g) is a "prevailing party" and eligible for an award of fees and costs under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff is therefore a prevailing party within the meaning of the law. Because Plaintiff's net worth was less than $2,000,000 when the civil action was filed, he is an eligible party under 28 U.S.C. § 2412(d)(2)(B). (Dkt. 33 at 1.) Additionally, the Commissioner appears to concede that the Commissioner's position was not substantially justified, and thus that Plaintiff may recover reasonable attorney's fees. (*See generally*, Dkt. 37.)

*Prevailing Party, Substantial Justification, and Special Circumstances*

A court may deny fees to a prevailing party even where the government's position was not substantially justified, if special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). This provision, however, should only be invoked with caution. *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir. 1985) ("[a] strong showing of special

---

[2] Plaintiff also seeks $1,322.39 in costs/expenses. (*Id.*)

United States District Court
Northern District of California

United States District Court
Northern District of California

circumstances is necessary to support a denial of attorney fees"); *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir.1985) (special circumstances exception should be narrowly construed); *Lucas v. White*, 63 F. Supp. 2d 1046, 1057 (N.D. Cal. 1999) (finding that defendants failed to identify any special circumstances that would make an award of fees unjust but finding grounds to reduce the number of hours expended in connection with the fee application to be excessive). The government has the burden of proving that special circumstances make awarding fees unjust. *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 942 (C.D. Cal. 2010).

The Commissioner argues that Plaintiff did not prevail with his step five argument nor his insistence that his claim should have been remanded for immediate calculation of benefits, and that this failure amounts to a "special circumstance" that the EAJA allows to prohibit an award of fees. (Dkt. 37 at 5.) In Defendant's view, after the Commissioner offered remand for *de novo* proceedings, Plaintiff's counsel unreasonably refused the Commissioner's offer of remand and then engaged in unnecessary additional litigation that led to "nothing more" than the remand already offered by the Commissioner during the briefing phase of the initial litigation. Therefore, Defendants argue, Plaintiff's counsel achieved "no appreciable benefit beyond" what was already offered in settlement, and award of the requested fees would unjustly enrich Plaintiff's counsel for continuing unnecessary litigation. (Dkt. 37 at 1–2.)

Plaintiff argues in Reply that the time expended by the Plaintiff's attorney on appeal in this litigation materially changed what actions the Commissioner was required to take during the remand proceedings, and that the hours expended by the attorney on that part of the litigation were reasonably necessary and therefore compensable under the EAJA. (Dkt. 38 at 9.)

Here, the court fails to find sufficient evidence of special circumstances. Cases where a court outright denied EAJA fees under the "special circumstances" rationale are distinguishable, as the court finds that Plaintiff's counsel's performance was less abysmal than in those cases. *See, e.g., Webb v. Astrue*, 525 F.Supp.2d 1329 (N.D. Ga. 2007) (denying attorney's fees where the "origin of the litigation was plaintiff's own negligence"); *Wimpy v. Barnhart*, 350 F.Supp.2d 1031, 1034–36 (N.D. Ga. 2004) (same); *Bryant v. Apfel*, 37 F.Supp.2d 210, 213–14 (E.D.N.Y. 1999) (attorney's failure to produce crucial medical records to the court skewed the outcome);

*Dubose v. Pierce*, 579 F. Supp. 937 (D. Conn. 1984) (attorney misconstrued his employment status to the court); *Campbell obo KDC v. Comm'r of Soc. Sec.*, WL 3216910, at *2 (E.D. Cal. July 17, 2019) (collecting cases). Thus, the court finds that the Government has failed to make the "strong" showing required for a finding of special circumstances rendering the fee award unjust.

*Reasonableness of Requested Recovery*

In the alternative, the Commissioner proposes that Plaintiff is only entitled to attorney's fees for time spent up to the Complaint, and proposes fees of $2,116.59, in addition to the $605.00 district court filing fee. (Dkt. 37 at 8–9.)[3] Specifically, Commissioner objects to certain line items in Plaintiff's fee request on the grounds that the fees requested are not justified given that Plaintiff's counsel (1) failed to obtain a different outcome on appeal; (2) cannot recover for clerical tasks billed at the attorney rate; and (3) billed excessively for certain tasks (e.g., drafting the opening motion in 2022). The Commissioner provides that the court should "discourage" this kind of "unwarranted" litigation and significantly reduce the fee award in this case. (*Id.*)

Reasonableness of Requested Fees in Connection with Appeal

The EAJA allows the court to award "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, district courts "must consider the results obtained . . . when determining whether EAJA fees requested by a prevailing party for an unsuccessful appeal are reasonable." *Atkins v. Apfel*, 154 F.3d 986, 986 (9th Cir. 1998) (reversing the district court's award of attorney fees for hours Plaintiff spent pursuing an unsuccessful appeal seeking a remand for award of benefits after the district court granted a remand for further proceedings because the plaintiffs position was not advanced by the appeal); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (considering multiple factors in analysis of reasonableness of fees and noting plaintiff's success to be a "crucial factor" in determining the proper amount of an attorney's fee award); *Scott B. v. Comm'r of Soc. Sec.*, 2019 WL 3412905, at *3 (D. Or. July 26, 2019) (declining to award fees on appeal). Attorney's fees should not be awarded "for hours spent pursuing an appeal that does not

---

[3] The Commissioner's proposal would result in fees of $2,116.59, for (1) 1.2 hours for drafting the initial briefs in this case in 2022; (2) 6.0 hours for developing the factual history and an objective argument on the job numbers; (3) 1.5 hours for settlement negotiations; and (4) the district court filing fee of $605.00. (Dkt. 37 at 8.)

contribute to 'the favorable result achieved by the litigation' or 'which results in no further benefit' to the prevailing party." *Pope v. Comm'r Soc. Sec. Admin.*, 2011 WL 7462036, at *2 (D. Or. Dec. 29, 2011) (quoting *Atkins*, 154 F.3d at 988).

The court finds that the fees associated with work carried out in connection with the unsuccessful appeal are unreasonable under the circumstances of this case. The appeal was ultimately unsuccessful, and it did not advance Plaintiffs position. Specifically, this court ordered the Commissioner to "consider the issues raised in Plaintiff's briefing as to the VE testimony and to address them as necessary on remand." (Dkt. 26 at 5.) The Ninth Circuit similarly required the Commissioner on remand to address Plaintiff's objection to the vocational expert's jobs numbers methodology. *Velazquez*, No. 24-3034, 2025 WL 2437493, at *1. Because this court had already ordered the Commissioner to reassess "the issues raised in Plaintiff's briefing as to the VE testimony," this court finds that the Ninth Circuit's order doing the same did not materially advance Plaintiff's position. Thus, the court denies Plaintiff's petition for the $14,808.19 in fees resulting from the 58.8 hours expended on the appeal to the Ninth Circuit.

<u>Reasonableness of Fees for Work Performed Prior to Appeal</u>

The Commissioner argues that certain line items within the fees requested for work performed prior to the appeal to the Ninth Circuit, totaling $7,454.06 for 30.5 hours of work, are unreasonable. (Dkt. 37 at 8.) As noted above, the Commissioner argues that these fees are unreasonable because (1) Plaintiff's counsel cannot recover for clerical tasks billed at the attorney rate, noting that "preparing and filing a certificate of service and reviewing a scheduling order are not attorney tasks" (*id.* at 8); and (2) the time spent on the initial briefing is excessive and unreasonable—and should amount to no more than 6 hours. (*Id.*)

<u>*Billing for Clerical Tasks*</u>

The Commissioner contends that Plaintiff's counsel billed 0.5 hours for clerical tasks for which he cannot recover. (Dkt. 37 at 7.) The time entries at issue are dated September 28, 2022. (*Id.*). It is not clear to the court if the Commissioner objects to other billing entries, as the Commissioner explicitly references only these two pre-briefing billing entries in its objections. (*Id.*) The Commissioner appears to ask that the court reduce this one-half hour entirely.

Secretarial and clerical tasks are "generally subsumed in a law firm's overhead rather than separately charged to the firm's clients." *Delgado v. Colvin*, 2014 WL 2465546 at \*7 (E.D. Cal. May 30, 2014) (citing *Reyna v. Astrue*, 2011 WL 6100609 at \*2 (E.D. Cal. Dec. 6, 2011)). Consequently, "hours spent on tasks that would normally not be billed to a paying client," as well as "those hours expended by counsel on tasks that are easily delegable to nonprofessional assistance," are not compensable under the EAJA. *Reyna*, 2011 WL 6100609, at \*2 (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)). Here, Plaintiff billed for work preparing and filing a certificate of service, and reviewing this court's standing order, which falls within tasks "easily delegable to nonprofessional assistance." *Reyna*, 2011 WL 6100609, at \*2, 2011 U.S. Dist. LEXIS 139977, at \*5. Thus, the court finds deduction of this one-half hour appropriate here.

### *Billing for Work on Motion, Settlement Discussions, and Other Pre-Appeal Work as Excessive*

The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). A court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). It has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

Here, the court reviewed Plaintiff's attorney's briefing and finds that the hours expended by Plaintiff's attorney in drafting the initial motion and related matters pre-appeal were a reasonable expenditure of time under the circumstances of the case. The remainder of the fees, as well as all expenses, are consistent with the result obtained, given that Plaintiff obtained a

7

favorable judgment remanding the case for further administrative proceedings. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reminding that in assessing EAJA requests, a court should defer to counsel's "professional judgment as to how much time he was required to spend on the case."); *Campbell obo KDC v. Comm'r of Soc. Sec.*, 2019 WL 3216910, at *4 (E.D. Cal. July 17, 2019) (same).

<u>Reasonableness of Rates</u>

Generally, fees under the EAJA are not to exceed $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). It is undisputed that the EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $234.95 for 2022, $244.62 for 2023, $251.84 for 2024, and $258.46 for 2025. (Dkt. 33 at 4–5.) Plaintiff's attorney provided a Declaration explaining that he spent at least 89.3 hours litigating this case, comprised of 2.5 hours x $234.95 hourly rate in 2022 ($587.38), 25.6 hours x $244.62 hourly rate in 2023 ($6,262.27), 29.4 hours x $251.84 hourly rate in 2024 ($7,404.10), and 31.8 hours x $258.46 hourly rate in 2025 ($8,008.51). (Dkt. 33-1.) In addition, Plaintiff's counsel seeks fees for the filing of this motion and Reply in the amount of $2,894.75 (11.2 hours x $258.46 hourly rate). (Dkt. 38 at 10.) This brings the total requests under the EAJA to $25,157.01 in attorney's fees. (*Id.*) He also seeks $1,322.39 in costs. (*Id.*) Each of these rates fall squarely within the range of hourly rates approved in the Ninth Circuit for social security contingency fee cases. *See Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1364 (9th Cir. 2024) (approving rate of $231.49 per hour in EAJA fee case); *Fuhrmann v. Kijakazi*, WL 218924, at *2 (N.D. Cal. Jan. 17, 2023) (approving EAJA statutory maximum rate for 2021 and 2022, adjusted for increases in the cost of living). Thus, the undersigned finds the requested rates to be reasonable under the circumstances.

**CONCLUSION**

Plaintiff's counsel has requested a total award under the EAJA of $25,157.01 in attorney's fees and $1,322.39 in costs. The Commissioner does not explicitly provide an alternative amount for the amount requested in costs/expenses, which should be awarded. Of the amount requested for

attorney's fees, the court finds the following reductions are appropriate: (1) $14,808.19 for work performed on the unsuccessful appeal; and (2) $117.48 for time spent drafting the initial brief in 2022. This results in total reductions of $14,925.67, for a recommended award of $10,231.34 plus $1,322.39 in expenses, or a total of $11,553.73 in EAJA fees and costs.

Accordingly, Plaintiff's Motion for Attorney Fees under the EAJA in that amount is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: April 22, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California